| | |
|---|---|
| **Law Offices of Avrum J. Rosen, PLLC**<br>38 New Street<br>Huntington, New York 11743<br>(631) 423-8527<br>Avrum J. Rosen, Esq.<br>Alex E. Tsionis, Esq. | **Hearing Date: December 2, 2021**<br>**Hearing Time: 11:00 a.m.**<br>**Objection Deadline: November 26, 2021** |

*Attorneys for David J. Doyaga, Sr., Plaintiff-Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                        Chapter 7

HAROLD TISCHLER,                                              Case No.: 15-44128-jmm

                              Debtor.
-------------------------------------------------------------x
DAVID J. DOYAGA, SR., Solely as Chapter 7        Adv. Pro. No.: 21-01050-jmm
Trustee of the Estate of Harold Tischler,

                              Plaintiff,

-against-


LINDA TISCHLER,
LTATMTJT531816 LLC and
HAROLD AND LINDA TISCHLER LLC,

                              Defendants.
-------------------------------------------------------------x

## MOTION FOR DEFAULT JUDGMENT

**TO:    THE HONORABLE JIL MAZER-MARINO,
        UNITED STATES BANKRUPTCY JUDGE:**

        David J. Doyaga, Sr., the Chapter 7 Trustee and plaintiff herein (the "Plaintiff"), by and

through his attorneys, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and

for his motion (the "Motion") seeking the entry of an order granting default judgment in favor of

the Plaintiff and against Linda Tischler ("Linda"), LTATMTJT531816 LLC ("LTA") and Harold

and Linda Tischler LLC ("HLT" together with Linda and LTA, collectively, the "Defendants"),

1

pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable herein through Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully states as follows:

## NATURE OF THE ADVERSARY PROCEEDING

1. This adversary proceeding was commenced on June 15, 2021 (the "Adversary Proceeding") by the Plaintiff upon the filing of a complaint against the above-captioned Defendants [Dkt. No. 1] (the "Complaint"). A copy of the Complaint is annexed hereto as **Exhibit "A"**. The Complaint seeks, among other things: (i) a declaratory judgment that the Debtor's estate has at least a fifty percent (50%) interest in HLT; (ii) turnover of the real property commonly known as and located at 5318 16th Avenue, Brooklyn, New York 11204, identified under Block 5477, Lot 42, in the Borough of Brooklyn (the "Property"), or the value thereof, which is estate property; (iii) a declaratory judgment that the transfer of the Property by HLT to LTA is void; (iv) to avoid the unauthorized post-petition transfer of the Property by HLT to LTA; and (v) the imposition of a constructive trust as to the Debtor's interest in HLT, which is at least a fifty percent (50%) interest.

## FACTS

**A.   The Bankruptcy Filing, Appointment of the Plaintiff and the Reopening of the Case**

2. On September 8, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Plaintiff was appointed interim Chapter 7 trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 trustee of the Debtor's estate.

4. On December 9, 2015, the Court entered an order granting the Debtor a no-asset discharge under section 727 of the Bankruptcy Code.

5. On January 23, 2017, the Plaintiff, in reliance on the Debtor's petition and schedules, as well as his testimony at the section 341(a) meeting of creditors, filed his report of no distribution.

6. On October 11, 2019, the Clerk of the Court closed the Debtor's case.

7. In or around March 2021, the Plaintiff was notified by a creditor that the Debtor concealed his interest in HLT, a business entity that owned real estate of substantial value, from his bankruptcy petition and schedules.

8. On March 26, 2021, the Plaintiff moved to, among other things, reopen the Debtor's case on the grounds that the Debtor failed to disclose his interest in HLT.

9. On April 21, 2021, the Court entered an order reopening the Debtor's case and directing the United States Trustee to appoint a Chapter 7 trustee.

10. On May 5, 2021, the United States Trustee reappointed the Plaintiff as the Chapter 7 trustee of the Debtor's estate.

**B.** **The Title History of the Property Prior to the Debtor's Bankruptcy Filing**

11. Prior to the Petition Date, the Debtor and Linda were the owners, as tenants in common, of the Property.

12. Upon information and belief, the Property is a mixed-use property consisting of a commercial storefront and residential apartments.

13. The Debtor and Linda acquired title to the Property by deed dated February 25, 2008, and recorded on March 14, 2008, with the Office of the City Register of the City of New York under CRFN 2008000104423 (the "Tischler Deed").

14. The Tischler Deed was given for consideration in the amount of one million dollars ($1,000,000.00).

15.	The Debtor and Linda then transferred their interest in the Property to 5318 16th Ave Enterprises LLC ("5318 Enterprises") by deed dated May 1, 2008, and recorded on May 5, 2008, with the Office of the City Register of the City of New York under CRFN 2008000179128 (the "5318 Enterprises Deed"). Based upon the Real Property Transfer Report form, which is annexed hereto as **Exhibit "B"**, it appears that the Debtor signed the transfer documents on behalf of 5318 Enterprises.

16.	The 5318 Enterprises Deed was for no consideration.

17.	Upon information and belief, at the time of the 5318 Enterprises Deed, the Debtor and or Linda were members of 5318 Enterprises and had a preexisting relationship with 5318 Enterprises.

18.	The Debtor and or Linda then caused 5318 Enterprises to transfer its interest in the Property to HLT by deed dated August 12, 2011, and recorded on August 8, 2012, with the Office of the City Register of the City of New York under CRFN 2012000312651 (the "HLT Deed"). And although the HLT Deed was signed by Linda only, the HLT Deed directs that it be "Return[ed] by Mail to: Harold Tischler, 5318 16th Ave, Brooklyn NY 11204" (the Debtor herein). A copy of the HLT Deed is annexed hereto as **Exhibit "C"**.

19.	The HLT Deed was given for no consideration.

20.	Upon information and belief, at the time of the HLT Deed, the Debtor and or Linda were members of HLT and had a preexisting relationship with HLT.

**C.	The Fraudulent Transfer of the Property**

21.	As discussed above, on September 8, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

22. Initially, the Debtor did not disclose an interest in any business entity on his petition and schedules.

23. The Debtor also did not disclose an interest in any business entity on his initial Statement of Financial Affairs (the "SOFA").

24. On October 27, 2015, over a month after the Petition Date, the Debtor filed an amended SOFA disclosing his interest in the business entities known as: (i) Fix Anything Construction & Plumbing Inc; (ii) T&M Plumbing & Construction Inc.; (iii) First Choice Plumbing & Construction; and (iv) 387 Quincy Street LLC.

25. The Debtor did not disclose his interest in 5318 Enterprises and HLT on his petition and schedules, SOFA and amended SOFA, and the Debtor's petition and schedules, SOFA and amended SOFA contained no information to place the Plaintiff on notice of the existence of Debtor's interest in 5318 Enterprises and HLT.

26. On December 4, 2015, Chicago Title Insurance Company ("CTIC"), a creditor of the Debtor, commenced an adversary proceeding against the Debtor captioned as *Chicago Title Insurance Company v. Harold Tischler*, Adv. Pro. No. 15-01194-cec, in the United States Bankruptcy Court for the Eastern District of New York (the "CTIC Adversary Proceeding"). The CTIC Adversary Proceeding sought, among other things, a judicial determination that the Debtor's debt to CTIC was non-dischargeable under sections 523(a)(2)(A) and 523(a)(4) of the Bankruptcy Code. The Court is respectfully referred to the complaint in the CTIC Adversary Proceeding, which alleges that the Debtor has a history of engaging in real estate fraud. It should also be noted that the Court entered an Order in the CTIC Adversary Proceeding determining that the debt due by the Debtor to CTIC is nondischargeable.[1]

---

[1] *See* Dkt. No. 53 in the CTIC Adversary Proceeding.

27. On or about February 22, 2017, during the pendency of the Debtor's bankruptcy case, and during the pendency of the CTIC Adversary Proceeding objecting to dischargeability, the Debtor and or Linda caused HLT to transfer its interest in the Property to LTA by deed dated February 22, 2017, and recorded on May 4, 2017, with the Office of the City Register of the City of New York under CRFN 2017000170319 (the "LTA Deed" or the "LTA Transfer"). The LTA Deed was signed by both the Debtor and Linda on behalf of HLT and is annexed hereto as **Exhibit "D"**.

28. The LTA Deed was given for no consideration.

**D.    The Instant Adversary Proceeding**

29. On June 15, 2021, the Plaintiff filed the Complaint commencing the instant Adversary Proceeding seeking to, among other things, recover the estate's interest in HLT, which sole asset was the Property, and which HLT was not disclosed on the Debtor's petition and schedules.

30. On June 16, 2021, the Clerk of the Court issued a Summons (the "Summons") in the Adversary Proceeding [Dkt. No. 2]. A copy of the Summons is annexed hereto as **Exhibit "E"**.

31. The Summons and Complaint were timely served upon the Defendants in accordance with Rule 7004 of the Bankruptcy Rules on June 16, 2021. A copy of the Affidavit of Service is annexed hereto as **Exhibit "F"**.

**E.    The Defendant's Default**

32. Pursuant to the Summons, the Defendants were required to submit a motion or answer the Complaint, which is attached to the Summons, to the Clerk of the Bankruptcy Court within thirty (30) days after the date of issuance of the Summons, and serve a copy of the motion

or answer upon the Plaintiff's attorney (the "<u>Answer Deadline</u>"). Moreover, the Summons contained the following language:

> IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT, AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

*See* the Summons.

33. The Defendants failed to file an answer or move with respect to the Complaint prior to the Answer Deadline.

34. On August 10, 2021, the day of the Court's initial pretrial conference, the Plaintiff's counsel was contacted for the first and only time by Mr. Barry Feerst, Esq. ("<u>Mr. Feerst</u>"), who advised that he would be representing the Defendants in the Adversary Proceeding and that he would be responding to the Plaintiff's counsel with a possible settlement.

35. In light of Mr. Feerst's representations, at the August 10, 2021 pretrial conference, the Plaintiff's counsel agreed not to ask this Court to note the Defendants' default unless Mr. Feerst filed a notice of appearance in the Adversary Proceeding by a date certain.

36. On August 11, 2021, Mr. Feerst filed a notice of appearance; however, he did so incorrectly by filing it in the lead bankruptcy case only (Bankr. Case No. 15-44128-jmm) [Bankr. Dkt. No. 31] and not in the instant Adversary Proceeding.

37. On August 16, 2021, the Plaintiff's counsel emailed Mr. Feerst and advised him, among other things, that he incorrectly filed his notice of appearance in the lead bankruptcy case and that if he did not file a notice of appearance in the instant Adversary Proceeding, the Plaintiff would request that the Court note the Defendants' default. A copy of the email referenced in this paragraph is annexed hereto as **Exhibit "G"**.

38. On September 9, 2021, counsel for the Plaintiff docketed a letter with the Court advising, among other things, that Mr. Feerst incorrectly filed his notice of appearance in the lead bankruptcy case instead of in the instant Adversary Proceeding, and requesting that that Court note the Defendants' default [Dkt. No. 4]. On September 9, 2021, counsel for the Plaintiff also emailed this letter to Mr. Feerst, who did not respond to the letter. A copy of the email referenced in this paragraph is annexed hereto as **Exhibit "H"**.

39. Accordingly, at the September 28, 2021 pretrial conference, when Mr. Feerst failed to appear, the Plaintiff respectfully requested this Court to note the Defendants' default and to provide the Plaintiff with a return date for the Motion. In accordance with the Plaintiff's request, the Court noted the Defendants' default and gave the Plaintiff December 2, 2021 as a return date for his Motion.

40. Following the September 28, 2021 pretrial conference, the Plaintiff's counsel sent an email to Mr. Feerst advising him that he failed to appear at the September 28, 2021 pretrial conference, that the Court noted the Defendants' default and that the Court set December 2, 2021 at 11:00 a.m. as a return date for the Plaintiff's Motion. A copy of Plaintiff's email referenced in this paragraph is annexed hereto as **Exhibit "I"**.

41. As of the date of this Motion, Mr. Feerst has not responded or communicated with the Plaintiff and the Defendants have failed to answer or otherwise move with respect to the Complaint.

## RELIEF REQUESTED

42. By this Motion, the Plaintiff respectfully requests that this Court enter an order and default judgement, substantially in the form annexed hereto, granting the Motion and entering default judgement against the Defendants and in favor of the Plaintiff.

## LEGAL STANDARD

43. Bankruptcy Rule 7055 incorporates Federal Rule of Civil Procedure 55, which provides:

> the party entitled to a judgment by default shall apply to the court therefor…If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

Fed. R. Civ. P. 55(b)(2); *see* Fed. R. Bankr. P. 7055.

44. However, a defendant's failure to answer a complaint does not, on its own, entitle a plaintiff, to judgment. *Nickolas v. Boccio (In re Boccio)*, 281 B.R. 171, 174 (Bankr. E.D.N.Y. 2002) (non-defaulting party not entitled to default judgment as a matter of right). Rather, "as a general rule a…court should grant a default judgment sparingly…when the defaulting party is appearing pro se." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The plaintiff is also "entitled to all reasonable inferences from the evidence offered." *Id.* "Yet, the Court must still decide 'whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Citibank (S.D.), N.A. v. Olwan (In re Olwan)*, 312 B.R. 476, 481 (Bankr. E.D.N.Y. 2004) (*citing Smith v. Household Fin. Realty Corp. (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001). "To satisfy the requirements of the prima facie case the plaintiff must present evidence from which a factfinder could reasonably find every element that the plaintiff must ultimately prove to prevail in the action." *Fisher v. Vassar College*, 114 F.3d 1332, 1336 (2d Cir. 1997) (en banc), cert denied, 522 U.S. 1075 (1998).

## DISCUSSION

I. **Plaintiff is Entitled to a Declaratory Judgment on his First Cause of Action Under Sections 105 and 541 of the Bankruptcy Code**

45. The Plaintiff is entitled to judgment on his first cause of action – (a) that the Debtor's estate has at least of 50% interest in HLT; (b) the Debtor's interest in HLT is property of the estate; and (c) the estate is vested with all of the Debtor's rights and powers associated with the Debtor's membership in HLT – under sections 105 and 541 of the Bankruptcy Code.

46. Section 541(a)(1) of the Bankruptcy Code provides:

> a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).

47. "Under § 541(a)(1), the filing of a bankruptcy petition creates an estate comprised of 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Garcia v. Garcia (In re Garcia)*, 494 B.R. 799, 810 (Bankr. E.D.N.Y. 2013); *see also Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) ("Every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541.") (quotations omitted), cert. denied, 555 U.S. 1213, 129 S. Ct. 1534, 173 L. Ed. 2d 658 (2009). "Accordingly, when a member of an LLC files a bankruptcy petition, his interest in the LLC, and any rights he has under the LLC's operating agreement, becomes property of the estate." *Garcia v. Garcia (In re Garcia)*, 494 B.R. at 810; *see also Duncan v. Dixie Mgmt. & Inv., Ltd. Partners (In re Dixie Mgmt. & Inv., Ltd. Partners)*, 474 B.R. 698, 700 (Bankr. W.D. Ark. 2011); *see also Manson v. Friedberg*, No. 08 Civ. 3890, 2013 U.S. Dist. LEXIS 83488, 2013 WL 2896971, at *3

(S.D.N.Y. June 13, 2013) ("Whatever legal or equitable interest an individual has in an LLC [under state law] is personal property within the meaning of the bankruptcy estate under § 541."). These interests are inclusive of economic rights such as the right to distributions, and non-economic rights including the right to participate in the management and operation of the LLC. *Klingerman v. ExecuCorp., LLC (In re Klingerman)*, 388 B.R. 677, 679 (Bankr. E.D.N.C. 2008).

48. Here, based on the Tischler Deed, which transferred the Property to the Debtor and Linda as tenants in common, it is presumed that the Debtor had at least a fifty percent (50%) interest in the Property. Further, HLT was formed in or around August of 2011, prior to the Petition Date. And based on the LTA Deed, which transferred the Property from HLT to LTA, the LTA Deed was signed by both the Debtor and Linda, which evidences that the Debtor had at least a fifty percent (50%) interest in HLT. As such, the Debtor's interest in HLT was at least fifty percent (50%). In addition, the Debtor failed to disclose his interest in HLT and, as a result, his interest in HLT was never abandoned back to or revested in the Debtor. As such, the Debtor's interest in HLT, which is at least fifty (50%), is and remains property of the estate. Further, because the Debtor's interest in HLT is estate property, the estate is vested with all of the Debtor's rights and powers associated with the Debtor's membership in HLT. Accordingly, and since the Defendants' have failed to rebut the facts in the Complaint, the Plaintiff is entitled to judgment on his first cause of action.

## II. Plaintiff is Entitled to Judgment on his Second Cause of Action for Turnover Under Section 542 of the Bankruptcy Code

49. The Plaintiff has established his entitlement under the Complaint's second cause of action directing the Defendants to turn over the Debtor's fifty (50%) interest in the Property, or the Property, under section 542 of the Bankruptcy Code.

50. Section 542(a) of the Bankruptcy Code provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a)

51. "The elements of a Section 542 claim have been found to consist of the following: (1) during the bankruptcy case; (2) an entity other than a custodian; 3) was in possession, custody or control; 4) of property that the trustee could use, sell or lease; and 5) such property is not of inconsequential value or benefit to the estate." *Pereira v. Grecolas Ltd. (In re Saba Enters.)*, 421 B.R. 626, 658 n.25 (Bankr. S.D.N.Y. 2009); *see also In re Newgent Golf, Inc.*, 402 B.R. 424, 435 (Bankr. M.D. Florida).

52. Upon information and belief, the Property was the sole asset of HLT. And as alleged in the Complaint, the Property, which the Debtor has at least a fifty (50%) interest in the entity that owns the Property (HLT), is (and was during the bankruptcy case) in the possession custody and control of Linda and LTA. HLT's interest in the Property and, in turn, the Debtor's interest in HLT, which is at least fifty percent (50%), constitutes property of the estate. As such, the Plaintiff is entitled to turnover of the value of the Debtor's interest in the Property, which is at least fifty percent (50%), vis-à-vis the Debtor's interest in HLT, which is at least fifty percent (50%), or the Property. As such, the Plaintiff is entitled to judgment on his second cause of action.

### III.    Plaintiff is Entitled to a Declaratory Judgment on his Third Cause of Action Voiding the LTA Transfer

53. The Plaintiff has established his entitlement under the Complaint's third cause of action seeking a declaratory judgment declaring that the LTA Transfer is void and restoring title to the Property back into HLT.

54. In this case, upon information and belief, the Debtor made or had final authority over all substantive and material decisions concerning HLT, including whether to sell the Property. Further, because the Debtor failed to disclose his interest in HLT, which is at least fifty percent (50%), on his petition and schedules, the Debtor's interest in HLT was not abandoned back to or revested in the Debtor. As such, the Debtor's interest in HLT is property of the estate and the Plaintiff is vested with all of the Debtor's rights and powers associated with the Debtor's membership interest in HLT. Accordingly, neither the Debtor, nor any member of HLT, had authority to transfer the Property without the Plaintiff's consent. Therefore, the LTA Transfer is void and title to the Property must be restored back into HLT.

### IV. Plaintiff is Entitled to Judgment on his Fourth Cause of Action Avoiding the LTA Transfer as an Unauthorized Post-Petition Transfer Under Section 549 of the Bankruptcy Code

55. The Plaintiff has established a prima facie case under the Complaint's fourth cause of Action avoiding the LTA Transfer under section 549 of the Bankruptcy Code.

56. Section 549(a) of the Bankruptcy Code states that "(a) [e]xcept as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court." 11 U.S.C. § 549.

57. A Chapter 7 Trustee may avoid a post-petition transfer of property under section 541 if the trustee satisfies the following elements: "(1) the transfer involved property of the estate; (2) the transfer occurred after commencement of the case; and (3) the transfer was not authorized by the Court or any provision of Title 11." *Collins v. Decker (In re Decker)*, Nos. 06-60886, 10-80029, 2011 Bankr. LEXIS 2143, at *13 (Bankr. N.D.N.Y. June 1, 2011).

58.     The Debtor, who has at least a fifty percent (50%) interest in HTL, caused HTL to transfer the Property to LTA during the pendency of the Debtor's bankruptcy case (and during the pendency of the CTIC Adversary Proceeding). The LTA Transfer was not authorized by the Bankruptcy Code or by the Bankruptcy Court. Moreover, the LTA Transfer was not authorized by the Plaintiff, who steps into the shoes of the Debtor and who is vested with all of the Debtor's rights and powers associated with the Debtor's membership interest in HLT. As such, the Plaintiff is entitled to judgment on his fourth cause of action pursuant to Section 549 of the Bankruptcy Code avoiding the LTA Transfer.

### V.      Plaintiff is Entitled to Judgment on his Fifth Cause of Action Under Section 550 of the Bankruptcy Code

59.     The Plaintiff has also made out a prima facie case under the Complaint's fifth cause of action seeking a judgment under section 550 of the Bankruptcy Code to recover the Debtor's interest at the time of the LTA Transfer, which is at least fifty percent (50%).

### VI.     The Defendants Are Not in Active Military Service

60.     In any civil action or proceeding in which the defendant does not make an appearance, the court or administrative tribunal, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit stating whether or not the defendant is in military service and show necessary facts to support the affidavit. Specifically, Section 201(b)(1) of the Soldiers' and Sailors' Civil Relief Act ("SSCRA") sets forth, among other things, that: In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit – (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit.

61.     Courts are understandably loathe to grant judgment by default upon a defendant who is on active military duty, and thus protecting the freedoms of this country and its citizens. In

*In re Templehoff*, 339 B.R. 49, 53 (Bankr. S.D.N.Y. 2005). Chief Judge Morris, on an order to show cause related to a Bankruptcy Code Section 362 motion and default request, noted "[t]his Court takes its responsibility to protect the rights of these men and women pursuant to SSCRA seriously. Our country's servicemembers must have peace of mind that they will not be subject to civil actions which they cannot appear and defend." The Second Circuit, in *U.S. v. Kaufman*, 453 F.2d 306, 309 (2d Cir. 1971), similarly held that "[t]he purpose of the Soldiers' and Sailors' Civil Relief Action is to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves."

62. Here, this Court is not prohibited under the restrictions of the SSCRA to enter default judgment against LTA and HLT because those entities are corporations and not individuals.

63. Regarding Linda, the Court is also not prohibited under SSCRA to enter a default judgment against her. The Plaintiff's counsel accessed the online website of the Defense Manpower Data Center ("DMDC"), which serves under the Office of the Secretary of Defense, and is responsible for collating personnel, manpower, training, financial, and other data for the Department of Defense. Specifically, the DMDC makes available information as to an individual's active military duty status, which is publicly available at https://scra.dmdc.osd.mil.

64. On October 28, 2021, Plaintiff's counsel accessed the DMDC website identified above and provided Linda's name and birthdate to determine if she is on active-duty status or not. According to the DMDC, the Defendant is not on active-duty status. Thus, section 201(b)(1) of the SSCRA is not applicable or offended here, and default judgment may be issued by this Court as against Linda (and all of the Defendants) and in favor of the Plaintiff.

## **CONCLUSION**

65. Given the factual circumstances and the procedural history of this Adversary Proceeding including, but not limited to, the Defendants' default in answering or otherwise moving with respect to the Complaint, and Mr. Feerst's failure to do that which he said he was going to do – file a notice of appearance in the Adversary Proceeding – the Plaintiff respectfully requests the entry of an order directing that a default judgement be entered against the Defendants and in favor of the Plaintiff and granting judgment on the Plaintiff's first through fifth causes of action as set forth in the Complaint.

66. No prior application for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, in view of the foregoing, it is respectfully requested that this Court: (i) enter an order and judgment consistent with the relief requested in this Motion; together with (ii) such other, further and different relief that this Court deems just, proper and equitable.

Dated: October 28, 2021  
       Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By:   */s/ Avrum J. Rosen*  
Avrum J. Rosen, Esq.  
Alex E. Tsionis, Esq.  
38 New Street  
Huntington, New York 11743  
(631) 423-8527  
arosen@ajrlawny.com  
atsionis@ajrlawny.com

*Counsel to David J. Doyaga, Sr.*  
*Solely as Chapter 7 Trustee of the*  
*Estate of Harold Tischler*